NATHAN GENTRY ET AL. *v.* WILLIAM ABSHIRE.

[Abstract Kentucky Law Reporter, Vol. 2—231.]

**Attachment for Rent.**

It is not enough that plaintiff should believe, in an attachment suit, that he would lose his rent if the attachment should not issue, but he must go further and show that there existed reasonable grounds for that belief.

**Judgment Not Palpably Against the Evidence.**

In an action at law where a jury is waived and submission is to the court, its judgment will not be disturbed unless it is palpably against the evidence.

APPEAL FROM MADISON COURT OF COMMON PLEAS.

February 26, 1881.

OPINION BY JUDGE HARGIS:

The law and facts were submitted to the court, and after hearing the evidence it discharged the attachment. The rule has often been laid down that in an action at law, where a jury is waived and the cause submitted to the court, its judgment will not be disturbed unless it is palpably against the evidence. The burden was upon the appellants to show that there existed reasonable grounds for the belief that they would lose the rent unless an attachment issued.

Proving that they believed they would lose their rent is not sufficient. They must go further and show that there existed reasonable grounds for that belief, otherwise tenants would be subject to be

6

harassed with attachments whenever a suspicious or mistaken land-lord saw proper to invoke that strong and extraordinary remedy.

The testimony sustains the judgment and it is *affirmed*.

*T. J. Scott, for appellants.*

*Smith & Little, for appellee.*